IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

v.         Civil No. 09-30005-001

BOBBY LYNN SPRINGSTON                                             DEFENDANT

O R D E R

Now on this 11th day of March, 2010, comes on for consideration defendant's **Motion To Dismiss Indictment** (document #12), and from said motion, and the response thereto, the Court finds and orders as follows:

1.  Defendant is charged by indictment with knowingly failing to register as a sex offender or to update registration as a sex offender after traveling in interstate commerce, as required by **18 U.S.C. § 2250**. The time period covered by the indictment is on or about March 1, 2008, through February 27, 2009.

2.  Defendant moves for dismissal of the indictment, contending that the statute under which he is charged violates the Commerce Clause, the Due Process Clause, and the Non-Delegation Doctrine. Plaintiff disputes all three arguments, and the issues are fully briefed and ripe for decision.

3.  In July, 2006, Congress enacted a statute, known as the Sex Offender Registration and Notification Act ("SORNA"), creating a sex offender registry to protect the public from sex offenders. **42 U.S.C. § 16901** and **§ 16902**. **Section 16913** of SORNA requires

sex offenders to register, and keep that registration current, in every jurisdiction where they reside, are employed, and are a student. This registration is to take place before completion of imprisonment for the offense giving rise to the registration requirement, or within three days of being sentenced if the sentence does not include imprisonment.

Addressing issues of retroactive application and the problem of sex offenders who could not meet the three-day registration provision because they were convicted before the enactment of SORNA, **§ 16913(d)** provided that the Attorney General had authority to "specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders. . . ."

On February 28, 2007, the Attorney General issued an interim rule stating that SORNA applies "to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to enactment of that Act." **U.S. v. Zuniga**, **579 F.3d 845, 849 (8th Cir. 2009)**.

A related statute, **18 U.S.C. § 2250**, makes it a criminal offense for a sex offender to fail to register or update registration after traveling in interstate or foreign commerce. This is the statute pursuant to which defendant was indicted.

4.   The Court need not dwell long on defendant's first

-2-

contention, that the indictment should be dismissed because **§ 2250** violates the Commerce Clause, as there is controlling Eighth Circuit precedent to the contrary.  See **U.S. v. Howell, 552 F.3d 709 (8th Cir. 2009).**  This argument is without merit.

    5.  Defendant's Due Process argument is that although he was aware of his obligation to register as a sex offender in Texas, his state of conviction, he "did not receive fair notice that the comprehensive, federal sex offender statute . . . applied to him." However, as held in **U.S. v. May, 535 F.3d 912, 921 (8th Cir. 2008),** ignorance of the law is no excuse where defendant knew, based on his state conviction, that he "had an obligation to register and keep his registration current when moving between jurisdictions."

    The government here exhibits a copy of a Sex Offender Verification, which includes a list of "Registration Duties." This form, which appears to be signed by defendant on February 11, 2008, recites that defendant is "required to register with the local law enforcement authority" in any municipality or county where he resides or intends to reside for more than seven days.

    Defendant does not challenge the authenticity of this document, and it is sufficient evidence that he "had an obligation to register and keep his registration current when moving between jurisdictions." Thus, his Due Process argument fails.

    6.  Defendant's argument under the Non-Delegation Doctrine

is that Congress impermissibly delegated its legislative authority to the executive branch of the government by giving the Attorney General the power to determine the individuals to whom SORNA would apply.  That delegation empowered the Attorney General to that SORNA would have retroactive application, thus bringing defendant within its ambit.

This argument, too, is foreclosed by **U.S. v. May**, *supra*.  The court there held that the interim rule did not apply to a defendant who was required to keep his registration current before the enactment of SORNA, and that such a person did not have standing to challenge the rule.  **535 F.3d at 921.**

SORNA became effective on July 27, 2006.  It appears from the government's exhibit that defendant was discharged from prison in 2001, and was required to register as a sex offender at that time, and to renew his registration annually for life.  He was, thus, already required to register when SORNA became effective, and lacks standing to bring his Non-Delegation Doctrine challenge.

**IT IS THEREFORE ORDERED** that defendant's **Motion To Dismiss Indictment** (document #12) is **denied.**

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE**