IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES of AMERICA                           PLAINTIFF/RESPONDENT

V.                          No.   9-30005
                            No.   15-03008

BOBBY LYNN SPRINGSTON                              DEFENDANT/PETITIONER

### Magistrate Judge's Report and Recommendation

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (ECF No. 60) filed February 6, 2015. The United States of America filed a Response (ECF No. 66) on March 31, 2015. The Petitioner has not filed a Reply and the matter was referred to the undersigned on August 5, 2015 and is ready for Report and Recommendation.

### I. Background

Bobby Lynn Springston was named in a one-count Indictment charging him with violating 18 U.S.C. § 2250 for failing to register as a sex offender pursuant to SORNA. (Doc. 1). Springston filed a Motion to Dismiss the Indictment arguing that SORNA violated the non-delegation doctrine. (Doc. 12). However, the District Court denied the Motion to dismiss the Indictment. (Doc. 14). Springston then entered a conditional plea of guilty to the Indictment (Doc. 15), was sentenced (Doc. 21), and appealed (Doc. 23).

The Eighth Circuit affirmed the denial of Springston's Motion to dismiss, but remanded for re-sentencing on other grounds. *United States v. Springston*, 650 F.3d 1153 (8th Cir.2011). Springston was resentenced on November 1, 2011. (Doc. 34). Thereafter, Springston petitioned

the Supreme Court for a writ of certiorari. (Doc. 36). The Supreme Court vacated the Eighth Circuit's decision on the non-delegation issue, and remanded Springston's case for further consideration in light of *Reynolds v. United States*, 132 S.Ct. 975 (2012). *Springston v. United States,* 132 S.Ct. 1905 (2012). The Eighth Circuit then vacated the district court's judgment and remanded for consideration of Springston's non-delegation claim on the merits. *United States v. Springston*, 480 Fed.Appx. 860 (8th Cir.2012).

Springston filed a Supplemental Motion to Dismiss the Indictment (Doc. 41), and the District Court denied it in a written order concluding that SORNA clearly delineated its general policy and was not a constitutional violation. (Doc. 43). Springston was again sentenced (Doc. 50) and appealed (Doc. 51). On appeal, Springston only argued SORNA violated the non-delegation doctrine. *United States v. Springston*, 534 Fed.Appx. 576 (8th Cir.2013). The Eighth Circuit recognized that while Springston's appeal was awaiting, it had determined in *United States v. Kuehl,* 706 F.3d 917 (8th Cir. 2013), that SORNA does not violate the non-delegation doctrine and affirmed the district court's judgment. Id. Thereafter, Springston petitioned the Supreme Court for a writ of certiorari which was denied. *Springston v. United States,* 134 S.Ct. 1345 (2014).

On February 6, 2015, Springston filed the instant Motion to Set Aside or Vacate Conviction Pursuant to 28 U.S.C. § 2255 or in the Alternative Pursuant to 28 U.S.C. § 2241 claiming that his attorney was ineffective "by relying exclusively on the Non-delegation Doctrine to challenge the Attorney General's authority to determine the retroactivity of SORNA to pre-Act state offenders and not arguing the alternative, like other Defender offices across the country, that if the delegation was proper, the Interim Rule was invalid because the Rule violated the

Administrative Procedure Act." (Doc. 60, p. 9).

## II. Discussion

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000); 2254. *Cox v. Wyrick,* 642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was

deficient but also that such deficient performance prejudiced his defense).

## A. Sex Offender Registration and Notification Act (SORNA)

The federal Sex Offender Registration and Notification Act (SORNA) was enacted July 27, 2006.  It requires convicted sex offenders to provide state governments with, and to update, information, e.g., names and current addresses, for state and federal sex offender registries. It is a crime if a person who is "required to register under [the Act]" and who "travels in interstate ... commerce" knowingly "fails to register or update a registration." 18 U.S.C. § 2250(a).

SORNA did not specify whether its registration requirements applied retroactively to sex offenders who were convicted prior to SORNA's enactment. However, SORNA Section 113(d) (42 U.S.C. §16913(d)) gives the Attorney General the "authority to specify the applicability of the [registration] requirements ... to sex offenders convicted before the enactment" of SORNA.

On February 28, 2007, the Attorney General promulgated an Interim Rule that made registration requirements applicable to all pre-Act offenders. See 72 Fed. Reg. 8894, 8897 (Feb. 28, 2007). The Attorney General did not establish a period for pre-promulgation notice and comment and bypassed the 30-day publication requirement because, he asserted, there was "good cause" to waive those requirements. See 72 Fed. Reg. 8894, 8896–97.

Three months later the Attorney General published the proposed "SMART" Guidelines to "interpret and implement SORNA." 72 Fed. Reg. 30,210 (May 30, 2007); see *United States v. Knutson*, 680 F.3d 1021, 1023 (8th Cir. 2012). The "SMART" Guidelines, after allowing a period for notice and comment, became effective on August 1, 2008. They  "reaffirmed the interim rule applying SORNA to pre-Act offenders." *Knutson,* 680 F.3d at 1023; see 73 Fed. Reg. 38,030 (July 2, 2008).

Prior to the Petitioner's original Judgment in July 2010 (Doc. 21) the law in the 8th Circuit was that the effective application date of SORNA to pre-Act state offenders was the enactment date of July 27, 2006. *See United States v. Waddle*, 612 F.3d 1027, 1030 n. 2 (8th Cir. 2010) ("We have held that persons with qualifying sex convictions became subject to SORNA's registration requirements upon the statute's enactment on July 27, 2006. *[United States v.] May*, 535 F.3d [912], 915-19 [8th Cir. July, 2008)]").

In 2012, the Supreme Court, resolving a disagreement between circuit courts, and construing section 113(d), held in *Reynolds v. United States*, 132 S. Ct. 975 (2012) that SORNA's "registration requirements do not apply to pre-SORNA offenders until the Attorney General specifies that they do apply." 132 S. Ct. at 978. Because Reynolds involved interstate travel and a failure to register in 2007, the Supreme Court remanded Reynolds to the Third Circuit for a determination as to whether the Attorney General's February 28, 2007, Interim Rule was valid. On remand, the Third Circuit determined that the February 28, 2007 rule was invalid. *United States v. Reynolds,* 710 F.3d 498, 505-06 (3rd Cir. March 14, 2013) (" Reynolds II"). The Eight Circuit joined the Third Circuit and also held that the Interim Rule was invalid. *Brewer,* 766 F.3d 884 (8th Cir. 2014). Thus, because Brewer invalidated the Interim Rule and because Reynolds held that SORNA did not apply to pre-SORNA sex offenders prior to a valid directive from the Attorney General, the earliest SORNA would apply in the Eighth Circuit is August 1, 2008.

**B. Springston and Brewer Case History:**

In April 2009 two indictments were returned by the Grand Jury for the Western District

of Arkansas.  One was on Bobby Springston[1] and the other was Kevin Brewer[2].  The Indictments were returned on the same day but came from different divisions.  Springston's indictment alleged that the Defendant failed to comply with the SORNA registration requirements between March 1, 2008, through February 27, 2009 (3:09-cr-3005, Doc. 1) while Brewer's indictment alleged non compliance between December 2007, through March 18, 2009(6:09-cr-60007, Doc 5).

The two cases followed similar paths and Motions to Dismiss were denied, and ultimately Brewer entered a Conditional Plea on September 8, 2009 (Id., Doc. 42, p. 1) and Springston entered a Conditional Plea on March 15, 2010 (Id., Doc. 15, p. 1). Judgment was entered against Brewer on December 14, 2009 (Id., Doc. 47) and against Springston on July 23, 2010 (Id., Doc. 21).  Both judgments were initially affirmed on appeal.

**1.  Brewer:**

Brewer filed a Motion under 28 U.S.C. §2255 on January 13, 2010. (Id., Doc. 59) which was dismissed because his appeal was still pending in the Court of Appeals for the 8th Circuit. Brewer refiled his 2255 on February 10, 2012 (Id., Doc. 83) which was Denied by the Court on February 1, 2013. (Id., Doc 108).  The Court approved a Certificate of Appealability on two issues:

> 1.   Whether Congress improperly delegated its authority to the Attorney General to issue the Interim Rules and Final Rules applying SORNA to pre-SORNA offenders; and

---

[1] US v. Springston; 3:09-cr-30005

[2] US v. Brewer; 6:09-cr-60007

2. If the Delegation of authority to the Attorney General was proper, whether the Attorney General's implementation of the Interim Rules and Final Rules violated the Administrative Procedures Act and what impact, if any, such a violation had on the validity of Brewer's conviction.[3]

On September 10, 2014 in U.S. v. Brewer the Court of Appeals for the 8th Circuit, after extensive discussion of the rulemaking provisions of the APA[4], noted that:

> We first note that the Attorney General's failure to follow the APA's pre-promulgation requirements was a "complete failure," compared to a "technical failure." *See Reynolds II*, 710 F.3d at 516–17. It is not that the method of allowing notice and comment was flawed; rather, there was no method at all. Because there was no period during which Brewer, or anyone else, could have offered comments before the Interim Rule was promulgated, he does not need to show that any hypothetical comments would have changed the rationale underlying that rule. Id. at 516 (*citing Shell Oil Co. v. EPA*, 950 F.2d 741, 752 (D.C. Cir. 1991)). *U.S. v. Brewer* 766 F.3d 884, 891 (C.A.8 (Ark.), 2014)

The Court also refused to find that the Attorney General had "good cause" to waive the requirements of notice and comment and the court reversed the district court's denial of Brewer's motion under § 2255 and remanded the case to the district court with an order to vacate Brewer's conviction. *U.S. v. Brewer* 766 F.3d 884, 892 (C.A.8 (Ark.), 2014).

**2. Springston:**

Springston appealed his conviction on March 13, 2013 (Id., Doc. 51) and the Federal Public Defender was appointed on March 21, 2013. (Id., Doc. 54). The only issue argued on this appeal was that Congress lacked authority to delegate the effective date of the act to the Attorney

---

[3] On September 3, 2013 the Court appointed the Federal Public Defender to represent Brewer on appeal.

[4] "The APA's rulemaking provisions require three steps to enact substantive rules: notice of the proposed rule, a hearing or receipt and consideration of public comments, and the publication of the new rule." *United States v. DeLeon*, 330 F.3d 1033, 1036 (8th Cir.2003). The third step, publication of a new substantive rule, must be completed "not less than 30 days before [the rule's] effective date." See 5 U.S.C. § 553(d)."

General.  On October 16, 2013 the Court of Appeals for the 8th Circuit affirmed the judgment of the District court stating:

> "On appeal, Springston again asserts that 42 U.S.C. § 16913(d) violates the nondelegation doctrine. While this appeal was pending, this court upheld the delegation in 42 U.S.C. § 16913(d) because Congress set forth an intelligible principle guiding the Attorney General's exercise of authority. *United States v. Kuehl*, 706 F.3d 917, 920 (8th Cir. 2013). *See Mistretta v. United States*, 488 U.S. 361, 372 (1989) (Congress may delegate legislative authority to another body, provided a legislative act sets an intelligible principle for the exercise of the granted authority to which the authorized body must conform). The *Kuehl* case resolves Springston's appeal."  *U.S. v. Springston*  534 Fed.Appx. 576, 577 (C.A.8 (Ark.),2013).

The Petitioner's attorney, in his Memorandum in Support of the 2255 motion, stated that

> "Undersigned counsel readily admits he provided ineffective assistance of counsel by relying exclusively on the Non-delegation Doctrine to challenge the Attorney General's authority to determine the retroactivity of SORNA to pre-Act state offenders and not arguing the alternative, like other Defender offices across the country, that if the delegation was proper, the Interim Rule was invalid because the Rule violated the Administrative Procedure Act. Defender offices were on alert to raise this challenge along with the constitutional argument and this Office neglected to do so with regards to Mr. Brewer and Mr. Springston. This was not a novel argument but one being litigated across the nation by criminal defense attorneys.  Indeed, Mr. Springston received a CGVR from the Supreme Court because his case was tracking behind the Reynolds case which was handled by another Federal Defender office. Both prongs of Strickland is met here and, as in the Brewer case, Mr. Springston's conviction must be vacated." (Doc. 61, p. 9)

## C. Failure to Include argument in Appeal:

The Petitioner's attorney was an extremely experienced and well respected federal criminal defense attorney.  His self proclamation of ineffectiveness for failure to include an

argument on appeal, while not dispositive, has to be given great weight.

To establish ineffective assistance of appellate counsel, Defendant must show appellate counsel's performance was deficient, and prejudice from that deficiency. *Strickland,* 466 U.S. at 687-88; *Becht v. United States*, 403 F.3d 541, 545 (8th Cir.2005). The prejudice is clear. The Petitioner's attorney could have argued the APA claim after remand from the Eighth Circuit notwithstanding the language in the remand. This is exactly what was done in the Brewer case with the ultimate result that the Brewer decision was reversed and vacated while the Springston decision was affirmed.

The deficient performance standard is rigorous. On appeal, appellate counsel is expected to winnow the issues and highlight those issues that are most likely to prevail. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal."); *Gee v. Groose*, 110 F.3d 1346 (8th Cir.1997) ("Reasonable appellate strategy requires an attorney to limit the appeal to those issues counsel determines have the highest likelihood of success."); *Otey v. Grammar*, 859 F.2d 575 (8th Cir.1987) ("This process of 'winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.'"). "It is the obligation of any lawyer - whether privately retained or publicly appointed - not to clog the courts with frivolous . . . appeals." *Polk County v. Dodson*, 454 U.S. 312, 323 (1981); *Parker v. Bowersox*, 94 F.3d 458, 462 (8th Cir.1996) ("To perform competently under the Sixth Amendment, counsel is neither required nor even advised to raise every conceivable issue on appeal."). Therefore, absent contrary evidence, "we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate

strategy." *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir.1998) (quotation omitted).

The Supreme Court in Reynolds, in January 2012, noted in its decision that Reynolds, in his Motion to Dismiss,

> "claimed that the Interim Rule was invalid because it violated both the Constitution's "nondelegation" doctrine and the Administrative Procedure Act's (APA) requirement for "good cause" to promulgate a rule without "notice and comment" (as the Attorney General had done). *See A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495, 529, 55 S.Ct. 837, 79 L.Ed. 1570 (1935) (nondelegation doctrine); 5 U.S.C. §§ 553(b)(3)(B), (d)(3) (APA).  *Reynolds v. U.S.* 132 S.Ct. 975, 980 (U.S.,2012).

The Supreme Court held that "The Act does not require pre-Act offenders to register before the Attorney General validly specifies that the Act's registration provisions apply to them. Pp. 980 – 984". The Supreme Court then reversed the Third Circuit's judgment and remanded the case for a determination of the validity of the Interim Rule. (Id.)

The Reynolds case was handled by the Federal Public Defender's office in Pittsburgh, Pennsylvania. It was decided by the U.S. Supreme Court in January 2012 and it is clear that the claims asserted by the Federal Public Defender's office were asserted long before that. This supports the Petitioner's attorney's assertion that Defender offices across the country were on the alert to raise the APA claim along with the Non-delegation defense. Regardless since the Reynolds decision was in January 2012 the claims would have been know to Petitioner's attorney prior to filing the appeal in January 2013. (Doc. 44).

In the Petitioner's original appeal to the Eighth Circuit he argued  "that Congress exceeded its power under the Commerce Clause in enacting 42 U.S.C. § 16913, which requires that a sex offender register in the jurisdiction in which he resides, and 18 U.S.C. § 2250, which

makes failure to register a federal offense. He also contends that, as a matter of law, he could not have knowingly failed to register under SORNA, because he was not notified of SORNA's registration requirement. And he argues that because he was not so notified, application of SORNA to his conduct violates the Due Process Clause of the Fifth Amendment. Finally, he asserts that SORNA violates the non-delegation doctrine by authorizing the Attorney General to determine its scope.  Challenge was also made to special conditions." *U.S. v. Springston* 650 F.3d 1153, 1155 (C.A.8 (Ark.),2011).  The Eighth Circuit  then went on to **"affirm the judgment of conviction, vacate special conditions 2, 3, and 6, and remand for further proceedings consistent with this opinion."** (Id.).

An Amended Judgment was entered in November 2011 which removed the special conditions. (Doc. 34).  Ultimately the Supreme Court vacated the Petitioner's conviction in April 2012 and remanded the case in light of the Reynolds decision in January of that year.  *Reynolds v. United States* 565 U.S. ____, 132 S.Ct. 975, 181 L.Ed.2d 935 (1012).

The 8th Circuit Court of Appeals then remanded the Petitioner's case in July 2012 because of the Supreme Court's  Reynolds decision and the remand language contained the following:

> "One of Springston's challenges to the indictment involves the validity of the Attorney General's regulations. We therefore vacate the judgment of the district court and **remand the case for the claim on the district court to consider Springston's non-delegation claim on the merits**. *See Fernandez*, 671 F.3d at 698. We reject Springston's other challenges to the indictment for the reasons stated in our prior opinion." *Springston*, 650 F.3d at 1155. *U.S. v. Springston*  480 Fed.Appx. 860, 861, 2012 WL 2849514, 1 (C.A.8 (Ark. (C.A.8 (Ark.),2012).

The Second Amended Judgment in Springston was entered March 8, 2013 (Doc. 50) and the Reynolds II decision (by the Third Circuit)  was handed down six days later.  The Third

Circuit held that " the Interim Rule did not provide sufficient justification to constitute good cause for the waiver of notice and comment." *U.S. v. Reynolds* 710 F.3d 498, 514 (C.A.3 (Pa.),2013).

The 8th Circuit noted in the Brewer decision that circuits were split on whether the Interim Rule had been effectively promulgated. The court stated that:

> "Two circuits, the Fourth and the Eleventh, have held that the Attorney General had good cause to bypass the notice and comment provisions. FN4  In *United States v. Gould*, the Fourth Circuit noted that there was some ambiguity about SORNA's effectiveness and reasoned that the Interim Rule was necessary to provide "legal certainty about SORNA's 'retroactive' application." 568 F.3d 459, 469–70 (4th Cir.2009). Similarly, in *United States v. Dean*, the Eleventh Circuit held that the Interim Rule served to promote public safety and that the public safety exception applied not only to true "emergency situations" but also to situations "where delay could result in serious harm." 604 F.3d 1275, 1281 (4th Cir.2010) (quoting *Jifry v. F.A.A.*, 370 F.3d 1174, 1179 (D.C.Cir.2004)). The court found that despite the long delay between SORNA's passage and the promulgation of the Interim Rule, the Attorney General "reasonably determined that waiting thirty additional days for the notice and comment period to pass would do real harm." Id. at 1282–83.

The Brewer court also noted that:

> "four circuits—the Third, Fifth, Sixth, and Ninth—have found that the Attorney General's stated reasons for finding good cause to bypass the 30–day advance-publication and notice-and- comment requirements- alleviating uncertainty and protecting the public safety—were insufficient. See *Reynolds* II, 710 F.3d at 509; *United States v. Johnson*, 632 F.3d 912, 928 (5th Cir.2011); *United States v. Valverde*, 628 F.3d 1159, 1168 (9th Cir.2010); *United States v. Cain*, 583 F.3d 408, 421–24 (6th Cir.2009). We agree with these circuits that the Attorney General lacked good cause to waive the procedural requirements." *U.S. v. Brewer*  766 F.3d 884, 889 (C.A.8 (Ark.),2014).

The question then becomes whether an attorney can never be found to be ineffective

when circuits are split on an interpretation of an Act and he fails to include the disputed interpretation in his appeal.

The Government argues that the case of *Fields v. United States* is instructive. In Fields, the defendant argued his counsel was ineffective for failing to object to jury instructions on aiding and abetting a felon in possession of a firearm on the ground the jury instructions omitted a requirement the defendant have knowledge of his co-defendant's status of a felon. *Fields v. United States*, 201 F.3d 1025, 1026 (8th Cir. 2000). At the time, neither the Supreme Court nor the Eighth Circuit had ruled on the issue, and two circuits that had ruled were split. Id. at 1027. The Fields Court held counsel's performance was not deficient, stating, "[ g]iven this split in authority at the time Fields was tried, and the complete lack of Eighth Circuit or Supreme Court authority on the subject, it must be said that counsel's performance fell within 'the wide range of professionally competent assistance.'" Id. at 1027-28 (*citing Strickland*, 466 at 690).

In the Fields case, however, it was a trial attorney's decisions and not appellate counsel's arguments that were in issue. In addition the Fields court noted that the "It is tempting to address this argument[5] and consider whether the instructions as a whole accurately state the government's burden of proof on the knowledge required of an aider and abettor of a felon in possession of a firearm, because we believe the government in this case may be correct. We decline to do so, however, not only because we are not deciding whether the government even has to prove such knowledge in the first place, but also because we have held that counsel's performance was not

---

[5] The Government was arguing that no objection to the jury instruction was required because the instructions, when read as a whole, conveyed to the jury that the government was required to proved Field's knowledge of Willis's status as a felon before winning a conviction on the charge of aiding and abetting a felon in possession of a firearm.

deficient in any event, considering the unsettled state of the law." *Fields v. U.S.* 201 F.3d 1025, 1028 (C.A.8,2000).

In *New v. U.S.* the Petitioner asserted that his "trial counsel should have argued that Special Agent Cresalia's warrantless entry into New's hospital room constituted a "search" within the meaning of the Fourth Amendment, and was therefore a violation of the Fourth Amendment's prohibition on unreasonable searches and seizures." *New v. U.S.* 652 F.3d 949, 952 (C.A.8 (S.D.),2011). At the time there was a split of authority on the question whether a patient has a reasonable expectation of privacy in a hospital room, and the court has not specifically addressed the issue.

The court held that "A failure to raise arguments that require the resolution of unsettled legal questions **generally** does not render a lawyer's services "outside the wide range of professionally competent assistance" sufficient to satisfy the Sixth Amendment. *See Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. The Eighth Circuit has held that an attorney's failure to **anticipate** changes in the law does not constitute constitutionally ineffective assistance. *Parker v. Bowersox*, 188 F.3d 923, 929 (8th Cir.1999)." (Id.)

It does not appear, however, that the above cases would stand for the proposition that an appellate attorney can never be ineffective for failing to include an argument that is disputed between the circuits. The contrary seems to be the better rule for an appellate attorney when circuits are split.

The fact that there were four Circuits that had found the AG's Interim Rule had violated the APA procedures, one as early as 2009, would have precluded an attorney from "winnowing" out such an argument and it is clear that such an argument could not be considered "frivolous".

Nor has the Petitioner's attorney made any claim that he specifically avoided the issue as a matter of "strategy" but has asserted that he "readily admits he provided ineffective assistance of counsel by relying exclusively on the Non-delegation Doctrine to challenge the Attorney General's authority to determine the retroactivity of SORNA to pre-Act state offenders". (Doc. 61, p. 9).

The court believes that, in this particular factual situation and notwithstanding the split in Circuit Court, the attorney provided ineffective assistance by failing to raise an argument on appeal where four Circuit Courts had previously determined that the Interim Rule was not validly implemented because the Attorney General, without good cause, failed to follow the notice and comment time period provided by the APA.

**E.  Evidentiary Hearing:**

In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. See, e.g., *Mayes v. Gibson*, 210 F.3d 1284, 1287 (C.A.10 2000). Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate. See id., at 1287-1288 ("Whether [an applicant's] allegations, if proven, would entitle him to habeas relief is a question governed by [AEDPA]"). *Schriro v. Landrigan* 127 S.Ct. 1933, 1940 (U.S.,2007).  Here, an evidentiary hearing is both unwarranted and unnecessary as all of the issues raised by Springston in his § 2255 Motion are resolvable by reviewing the record. As discussed above, after reviewing Springston's claims against the record and applicable law, the court believes that his asserted facts do support a cognizable claim for

relief. Thus, an evidentiary hearing is unnecessary.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **GRANTED**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  September 21, 2015.

                                                  */s/ J. Marschewski*
                                                  HONORABLE JAMES R. MARSCHEWSKI
                                                  UNITED STATES MAGISTRATE JUDGE